

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAYMOND KEITH SONGER, et al., | § | |
| Plaintiffs | § § § | |
| vs. | § § | NO. 4:-8-CV-319-A |
| DILLON RESOURCES, INC., SUNSET LOGISTICS, INC., MIKE HILL, Individually, and RICK GIBSON, Individually, | § § § § § | |
| Defendants. | § § § | |

### DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND BRIEF IN SUPPORT

Defendants Dillon Resources, Inc., Sunset Logistics, Inc., Mike Hill and Rick Gibson (collectively "Defendants") move, pursuant to 28 U.S.C. § 1927 and this Court's inherent power to sanction bad-faith conduct, for its reasonable attorneys' fees expended in defending against Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction ("Plaintiffs' Application"). Plaintiffs' Application, which purported to seek an order prohibiting Defendants from "further" retaliating against Plaintiffs, alleged six acts of retaliation by Defendants against Plaintiffs—none of which was substantiated at the hearing on Plaintiff's Application.

This Motion is not based on whim. An award of fees is more than appropriate given: (1) the lack of evidence demonstrating a colorable claim for injunctive relief; (2) misrepresentations in Plaintiffs' Application (that were not withdrawn or revised); (3) misrepresentations under oath at the hearing on Plaintiffs' Application; (4) Plaintiffs' failure to produce a key witness identified on their witness list for the hearing on Plaintiffs' Application; and (5) Plaintiffs Monica Lenise Pervis's and Courtland Dale Wallace's failure to appear at the hearing as required by this Court's Order. In support of their motion, Defendants show the Court as follows:

DEFENDANT'S MOTION FOR ATTORNEYS' FEES – Page 1

## I.
## CASE BACKGROUND AND SUMMARY

Defendants move for recovery of their attorneys fees incurred in defending against Plaintiffs' Application because the claims asserted therein were unreasonable and without any legal and factual foundation. Moreover, Plaintiffs' attorneys knew, or should have known, of the frivolous nature of Plaintiffs' claims—if not prior to filing Plaintiffs' Application, most certainly before the hearing on Plaintiffs' Application. Had Plaintiffs' attorneys conducted even a cursory inquiry into the facts and law, they would have known that Plaintiffs had no basis for injunctive relief. Even after Defendants' response to Plaintiffs' Application made it abundantly clear that the factual allegations underlying those claims were without foundation, Plaintiffs were undeterred and continued to press on with their claim for injunctive relief with the apparent intention of misleading the Court while unnecessarily multiplying these proceedings and driving up the costs of litigation.

An elementary analysis of the facts known to Plaintiffs and their attorneys shows that Plaintiffs' claim for injunctive relief had no support in law or fact. First, Plaintiffs pursued injunctive relief based on an underlying claim that they did not plead. As Defendants set forth in their Response and at the hearing, Plaintiffs' only claim before this Court is a claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). However, Plaintiffs' application for injunctive relief was based on a claim for retaliation under the FLSA. Thus, Plaintiffs' Application was not viable as a matter of law. Plaintiffs' Application was legally deficient for a second reason: the availability of an adequate remedy at law. The vast majority of Plaintiffs' allegations centered on alleged "retaliatory" acts that, if proven, could have been compensated by monetary damages and Plaintiffs conceded as much at the hearing.

Second, even if Plaintiffs' underlying claims included a claim for retaliation under the

FLSA, for which there was no adequate remedy at law, Plaintiffs' Application was factually deficient at best. Plaintiffs wholly failed to provide competent evidence from individuals with personal knowledge. Rather, Plaintiffs relied on events that occurred prior to the lawsuit even being filed, rank speculation, hearsay and/or bald allegations that were subsequently retracted or proven to be untrue. For example, Plaintiffs' most inflammatory allegation – that Defendants somehow endangered the lives of Sunset Logistics, Inc.'s drivers or the public by disconnecting the air brake lines on Plaintiffs' tractor-trailers – was untrue, as admitted by Plaintiff Karen Parent. In support of Plaintiffs' Application, Plaintiffs attached the sworn affidavit of Ms. Parent, which claimed that "[w]hen air lines are disconnected from the trailer, the trailer has no brakes." However, Ms. Parent admitted at the hearing that she knew, ***prior to the hearing***, that disconnected air brake lines engage the brakes rather than pose any danger. Plaintiffs not only failed to amend Plaintiffs' Application to correct the misrepresentations in Ms. Parent's affidavit and in the application itself, Plaintiffs attempted to introduce evidence regarding the disconnected air lines at the hearing. Plaintiffs' attempt to further mislead this Court with evidence known to be false is inexcusable and on this basis alone, sanctions are warranted.

In addition to the obvious evidentiary deficiencies, Plaintiffs failed to comply with this Court's Order dated June 3, 2008, which stated that "each named plaintiff . . . **shall** be present" at the hearing. (emphasis added) Yet, Plaintiffs Pervis and Wallace failed to appear at the hearing, without any advance notice to the Court or Defendants. Ms. Pervis and Mr. Wallace were listed on Plaintiffs' witness list for the hearing submitted to the Court less than 24 hours before the hearing. And as Plaintiffs were well aware, Defendants also listed Mr. Wallace on Defendants' witness list as an individual that Defendants reasonably anticipated calling to testify

at the hearing.[1] Mr. Wallace's absence deprived Defendants of their opportunity and right to cross-examine Mr. Wallace regarding false allegations in the Application that Mr. Wallace was terminated after being ten minutes late to work.

Despite having full knowledge of these dispositive facts, Plaintiffs and their attorneys continued to press on with the Application. Plaintiffs' unrelenting pursuit of a baseless claim resulted in the unnecessary and unreasonable waste of Defendants' and this Court's resources. Defendants now move to recover their attorneys' fees from Plaintiffs and Plaintiffs' attorneys pursuant to 28 U.S.C. § 1927 and this Court's inherent power to sanction bad faith conduct.[2] Plaintiffs' attorneys should be jointly and severally responsible for payment of Defendants' costs and attorneys' fees incurred in responding to Plaintiffs' harassing and bad faith application for injunctive relief. Plaintiffs' attorneys, who should have been aware of the above-described facts prior to filing Plaintiffs' Application and were certainly aware of the facts prior to the hearing, unreasonably and vexatiously multiplied these proceedings by failing to withdraw Plaintiffs' Application. They knew or should have known that Plaintiffs' claims were groundless and without foundation.

## II.
## ARGUMENTS AND AUTHORITIES

A. **Plaintiffs' Attorneys are Liable for Attorneys' Fees Pursuant to 28 U.S.C. § 1927**

Plaintiffs' attorneys took at least two actions in this case that make it clear that they should be assessed attorneys' fees for unreasonably and vexatiously multiplying the proceedings in this case. First, Plaintiffs filed an Application for Temporary Restraining Order and

---

[1] Defendants did not issue a subpoena to Mr. Wallace in reliance on the Court's Order commanding all Plaintiffs to attend the hearing.
[2] 28 U.S.C. § 1927 states: "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

Preliminary Injunction based on a claim they did not even plead in their underlying Complaint—and they did so without conducting a reasonable investigation into the law or the facts. In addition, Plaintiffs sought emergency, injunctive relief for claims they later admitted had an adequate remedy at law—making injunctive relief unwarranted. Second, even if Plaintiffs did not realize that there was no legal or factual bases for injunctive relief at the time the Application was filed, Plaintiffs certainly were aware of the deficiencies prior to the hearing. Yet Plaintiffs forced Defendants to prepare for and attend a hearing on a frivolous Application. Consequently, Defendants move for an award of attorneys' fees pursuant to 28 U.S.C. § 1927.

28 U.S.C. § 1927 allows a district court to sanction an attorney who multiplies the proceedings in any case unreasonably and vexatiously. *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). Moreover, Section 1927 allows a trial court to levy a sanction against an attorney for the irresponsible manner in which litigation is conducted. *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292 (5th Cir. 1983), *clarified on reconsideration*, 722 F.2d 209 (5th Cir.), *cert. denied*, 104 S. Ct. 975 (1994). Sanctions under § 1927 are justified when an attorney's conduct falls below the obligations the attorney owes to the court and which results in additional expenses to an opposing party. *Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F. 3d 818, 824 (6th Cir. 2000). Thus, when an attorney knows or reasonably should know that a claim is frivolous, a Court may assess attorneys' fees against that attorney for continuing to press the claims. *Id.*

In this case, Defendants expended significant time and resources defending the Plaintiffs' Application, all of which would not have been spent but for Plaintiffs' unreasonable and irresponsible pursuit of injunctive relief that was wholly unsupported by the law and facts.

---

expenses, and attorneys' fees reasonably incurred because of such conduct."

DEFENDANT'S MOTION FOR ATTORNEYS' FEES – Page 5

Plaintiffs' attorneys also litigated Plaintiffs' Application in an irresponsible manner. Fully aware that disconnected air lines on brakes present no danger whatsoever, Plaintiffs' attorneys still attempted to elicit testimony regarding the disconnected air lines at the hearing. Moreover, despite this Court's Order requiring the presence of all named plaintiffs and the inclusion of Ms. Pervis and Mr. Wallace on Plaintiffs' witness list submitted less than twenty-four hours before the hearing, Ms. Pervis and Mr. Wallace failed to appear at the hearing.

**B.    This Court has inherent power to sanction Plaintiffs' bad-faith conduct.**

Sanctions are additionally appropriate pursuant to this Court's inherent power to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (U.S. 1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1975)).

Sanctions pursuant to the Court's inherent power are especially appropriate when the bad-faith conduct cannot be adequately sanctioned under the Federal Rules of Civil Procedure. *See Chamber*, 501 U.S. at 50-51; *Phillips v. First Nat'l Bank of Weatherford*, 258 F. Supp. 2d 501, 505 (N.D. Tex. 2002) (McBryde, J.). Plaintiffs' conduct falls squarely within the conduct prohibited under Rule 11. However, as a prerequisite to seeking Rule 11 sanctions, Defendants must provide Plaintiffs an opportunity to cure the offending conduct. Defendants are unable to meet the notice requirements of Rule 11 because the Court has already ruled on and denied Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction. Accordingly, this Court should impose sanctions pursuant to its inherent power to sanction bad faith conduct as it did in *Phillips v. First Nat'l Bank of Weatherford*, 258 F. Supp. 2d 501, 505 (N.D. Tex. 2002):

> The Court concludes that the misconduct in this case cannot be fully and adequately remedied under Rule 11, because no opportunity to cure the offending conduct was or can now be provided as required. *See* Fed. R. Civ. P. 11(c)(1)(A).

The Court has already ruled on and denied Plaintiff second motion to remand, and Plaintiffs therefore cannot now withdraw that motion, assuming, without deciding, that withdrawal of that motion would have cured the misconduct at issue. Accordingly, the Court relies on its inherent power to enter the appropriate sanctions. *See Chambers*, 501 U.S. at 50. (When there is bad-faith conduct in the course of the litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules ... But if in the informed discretion of the court, ... the Rules are [not] up to the task, it may safely rely on its inherent power.).

Because Defendants incurred significant expense as the direct result of Plaintiffs' bad faith conduct and because this Court's inherent power to sanction parties for bad-faith conduct is not displaced by rule or statute, Plaintiffs should be ordered to reimburse Defendants for the attorneys' fees expended in defending against Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction. *Phillips*, 258 F. Supp. 2d at 505. While Defendants cannot ask this Court to impose Rule 11 sanctions, the fact there is ample evidence to support a much higher Rule 11 standard for culpability strongly suggests that the Court's exercise of its inherent power to award fees based on these circumstances is far from unreasonable.

### III.
### CONCLUSION

Defendants are entitled to recover their attorneys' fees resulting from Plaintiffs' continued adherence to a baseless claim for an injunction long after it became obvious it should have never been filed in the first place. Plaintiffs' attorneys are responsible for and, likewise, should be held accountable for attorneys' fees for promoting Plaintiffs' endeavors even though it was equally obvious to them that Plaintiffs' Application had no merit. Defendants respectfully request that the Court award $ $39,388.50 in attorneys' fees, which sum represents its attorneys' fees expended in defending against Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction. Attached hereto as support for the requested amount is the affidavit of Kimberly Rives Miers.

Dated June 30, 2008                           Respectfully submitted,


                                              /s/ Kevin M. Duddlesten
                                              _____
                                              Kevin M. Duddlesten
                                              Texas State Bar No. 00793644
                                              Kim Rives Miers
                                              Texas State Bar No. 24041482
                                              Jeremy Wayne Hawpe
                                              Texas State Bar No. 24046041
                                              R. Shawn Oller (*pro hac vice*)
                                              Texas State Bar No. 00794399
                                              LITTLER MENDELSON
                                              A Professional Corporation
                                              2001 Ross Avenue
                                              Suite 1500, Lock Box 116
                                              Dallas, TX 75201.2931
                                              214.880.8100
                                              214.880.0181 (Fax)
                                              kduddlesten@littler.com
                                              ATTORNEYS FOR DEFENDANTS
                                              Dillon Resources, Inc., Sunset Logistics, Inc.,
                                              Mike Hill, and Rick Gibson


## CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendants conferred with David Glenn, counsel for Plaintiffs on Wednesday, June 25, 2008 regarding Defendants' Motion for Attorneys' Fees. Plaintiffs' oppose the filing of Defendants' Motion for Attorneys' Fees.


                                              /s/ Kevin M. Duddlesten
                                              _____
                                              Kevin M. Duddlesten

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Motion for Attorneys' Fees was sent to counsel for Plaintiffs via email and Federal Express on June 30, 2008, as follows:

David M. Glenn
Glenn Law Firm
davidglenn@glennlawfirm.com
210 W. Wall Street
Grapevine, Texas 76051

T. Michael Kennedy
T. Michael Kennedy, P.C.
tmichael@justicefortexans.com
210 West Wall Street
Grapevine, Texas 76051

Trang Q. Tran
Andrew H. Iwata
ttran@tranlawllp.com
440 Louisiana, Suite 720
Houston, Texas 77002

_____
Kevin M. Duddlesten

Firmwide:85604863.1 058326.1005

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAYMOND KEITH SONGER, et al., | § § § | |
| Plaintiffs | § § | |
| vs. | § § | NO. 4:-8-CV-319-A |
| DILLON RESOURCES, INC., SUNSET LOGISTICS, INC., MIKE HILL, Individually, and RICK GIBSON, Individually, | § § § § § § | |
| Defendants. | § § | |

## AFFIDAVIT OF KIM RIVES MIERS

Before me, the undersigned authority, on this day personally appeared Kim Rives Miers who, being known to me and being by me duly sworn upon her oath deposed and stated as follows:

1. "My name is Kim Rives Miers. I am over the age of 21 and am of sound mind. I have never been convicted of a felony or misdemeanor. I have personal knowledge of the matters contained herein and am competent to testify thereto.

2. I am an attorney in the law firm of Littler Mendelson, P.C. I am licensed to practice law in Texas. I am one of three attorneys at the firm representing the Defendants in connection with the above-referenced matter.

3. I have reviewed my firm's records regarding the fees and expenses incurred by Defendants in connection with defending against Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction. The total amount of fees incurred to date for the defense of Plaintiffs' for Temporary Restraining Order and Preliminary Injunction is $39,388.50.

4. I attest that I am familiar with the reasonable and customary fees charged by

attorneys in Texas and, specifically, in the Dallas area. I further attest that the hours and fees charged by my firm in connection with the aforementioned action are reasonable, necessary, and customary given the allegations and claims being made in the case."

5. Further affiant sayeth not.

_____
Kim Rives Miers

THE STATE OF TEXAS §
§
COUNTY OF DALLAS §

Subscribed and sworn to before me, the undersigned authority, on this 27th day of June, 2008, to certify which witness my hand and official seal of office.

_____
NOTARY PUBLIC, STATE OF TEXAS

My commission expires: 1-1-09

Firmwide:85676732.1 058326.1005

NANCY BARR
Notary Public, State of Texas
My Commission Expires
January 01, 2009

2