



ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| RAYMOND KEITH SONGER, CROX ALVARADO, VICTOR ARRINGTON, GEORGE E. EATON, JR., DANIEL GARCIA JR., DEBRA SUE GARRISON, JOSE RAMON GUILAMO, LARRY HAZELTON, ANTRONE HENDERSON, SANDRA K. HENDERSON, DANIEL CLINTON HENLEY, JEFFERY G. HINES, JOHNNY ROBERT JARVIS, EDDIE JONES, ERIC C. MATTHEWS, BRIAN ALAN MCGLOTHLIN, KAREN SUE PARENT, MONICA LENISE PERVIS, BRENT UNDRA ROBERSON, BOBBY JOE SCHRODER, JAMES B. TODD, JOSHUA ANDREW VAN PATTEN, COURTLAND DALE WALLACE, AND PERRY SCOTT WIGGINS individually and on behalf of other employees similarly situated | § § § § § § § § § § § § § § § § § § § § § § |
| **Plaintiffs** | § § |
| v. | § |
| | §  CIVIL ACTION NO. 4:08-cv-00319 —A |
| DILLON RESOURCES, INC., SUNSET LOGISTICS, INC., MIKE HILL, Individually, and RICK GIBSON, Individually | § § § § § § § § |
| | §  JURY TRIAL DEMANDED |
| **Defendants** | § |

## JOINT STATUS REPORT

1.  **A brief statement of the nature of the case, including the contention of the parties:**

    Plaintiffs contend that they were not paid for all hours worked in excess of forty (40) each work week at one and a half (1.5) times their regular rate, during periods when they were not exempt from the Fair Labor Standards Act ("FLSA"). Plaintiffs contend that the Motor Carrier Exemption expires four months from the date of any interstate transportation by Plaintiffs and is not retroactive. Plaintiffs therefore

contend that they are not exempt from overtime for time periods in which they did not engage in interstate transportation. Defendants deny these allegations. Defendants also contend that, at all material times, Plaintiffs were exempt from the FLSA overtime requirements under the Motor Carrier Act exemption.

Plaintiffs have filed this FLSA lawsuit as a collective action and filed a motion for the Court to authorize notice of the collective action to the class members on June 9, 2008. Plaintiffs ask the Court to rule on conditional certification at the earliest time that is consistent with the local rules and the Court's schedule. An early ruling by the court will (1) discourage the parties from engaging in misleading communications with the potential class members; (2) prevent the unnecessary multiplication of lawsuits by other employees who are displeased with the same payroll practices; and (3) encourage early resolution of the action. Hoffman at 170-172; *Garner v. G.D. Searle Pharm. & Co.* 802 F.Supp. 418, 422 (M.D. Ala 1991). The first stage of FLSA certification traditionally occurs before any discovery has been conducted, and at this stage the courts rely on the pleadings and affidavits alone in deciding whether certification is appropriate.

Defendants oppose the certification of this lawsuit as a collective action because of the individualized inquiry necessary to determine whether each Plaintiff is exempt from the overtime requirements under the Motor Carrier Act exemption. Defendants also oppose the issuance of notice to any class members. Defendants propose that the liability and damages phase of this lawsuit should be bifurcated as described in paragraph 8 below. Defendants further contend that the liability and damages phases of this lawsuit should be bifurcated and that the case should not proceed as a certified collective action until the Court has considered and ruled on the issue of whether Plaintiffs are exempt from the FLSA overtime requirements and therefore incapable of representing the putative class.

**2. Any challenge to jurisdiction or venue:**

Plaintiffs and Defendants do not challenge jurisdiction or venue.

**3. Any pending motions (including the dates of filing of motions and responses), an estimate of time needed to file any contemplated motions and a description of anticipated motions.**

Two motions are currently pending before the Court: (1) Plaintiffs' Motion for Notice to Potential Class Members, and Motion for Tolling the Statute of Limitations, filed together on June 9, 2008, and (2) Defendants' Motion for Attorneys' Fees.

Defendants currently anticipate filing dispositive motions which may include a Motion for Summary Judgment and/or a Rule 11 Motion on Plaintiffs' Collective Action Petition. If Defendants' request for bifurcation is granted, Defendants are prepared to file dispositive motions within 120 days of the Court's ruling on bifurcation. If Plaintiffs' request for collective certification is initially granted, Defendants anticipate filing a Motion for Decertification at the close of discovery.

4.      **Any matters which require a conference with the court.**

Currently, there are no matters which require a conference with the Court.

5.      **Likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties.**

Plaintiffs seek to join all other truck drivers currently or formerly employed by Defendants within the three-year period preceding the filing of this lawsuit. Plaintiffs seek to join these other truck drivers within one hundred and twenty (120) days of the date that court-approved notice is mailed to the potential class members. Bifurcation and conditional certification are unrelated, and the former should not be used to delay the latter.

Defendant contends that this case is inappropriate for certification as a collective action. Defendant requests that the Court bifurcate the liability and damages phases of this case, as described in Paragraph 9, and delay the Court's ruling on conditional certification until after the liability phase is complete.

6.      **Requested trial date, estimated length of trial, and whether jury has been demanded:**

Plaintiffs anticipate it will take 24 hours to present its evidence in this case. Defendants anticipate it will take 24 hours to present its evidence in this case. The parties agree that the above represents an estimate of the time reasonably believed necessary to proffer evidence in support of their claims and defenses. Such time estimates may require amendments as discovery proceeds. The Plaintiffs request a trial date in August 2009.

7.      **Prospects for settlement, and status of any settlement negotiations:**

**Defendant's Response**:

Defendants have proposed the bifurcation of this matter as described in Paragraph 8 below, but the proposal in its current form was rejected by Plaintiffs. Defendants contend that the proposed bifurcation could result in a prompt resolution with a substantial reduction in time and resources expended by the parties and the Court.

In addition, the parties participated in a face-to-face settlement conference on June 25, 2008, at which all Defendants were present and 22 of the 24 names Plaintiffs were present. During that conference, Plaintiffs made a settlement demand for all overtime wages to which they claim to be entitled, plus all attorneys fees accrued to date, although no dollar amount was actually identified. Defendants responded by offering—in exchange for a dismissal of the claims—to forego efforts to recover its attorneys fees incurred by Defendants in defending against the spurious allegations made in Plaintiffs' Application for Temporary Restraining Order/Preliminary

Injunction. Plaintiffs counsel, without conferring with his clients, rejected the offer and concluded the settlement conference. At this point, the parties are significantly divided on the issues of settlement.

**Plaintiffs' Response**:

On Wednesday, June 25, 2008, the parties participated in a settlement conference. Defendants rejected the initial settlement offer made by Plaintiffs. Defendants did not propose any offer or counteroffer, or show any interest in a future offer or counter offer. Instead, Defendants threatened to file legal sanctions against Plaintiffs and Plaintiffs' counsel, unless Plaintiffs dismissed their entire lawsuit. After making this threat, Defendants stated that they were not interested in discussing the possibility of settlement any further.

8. **Any other matters relevant to the status and disposition of the case:**

a) **Alternative Proposed Discovery Plans:**

**Plaintiffs' Position**

In the event the Court grants Plaintiffs' pending Motion for Class Notice and Motion for Tolling the Statute of Limitations, effectively certifying this matter as a collective action, Plaintiffs anticipate requiring discovery on all of the following:

- The total and dates of all hours in which Plaintiffs and similarly-situated individuals worked for Defendants;

- The compensation paid to Plaintiffs and similarly-situated individuals who worked for Defendants, and the formula or method by which such compensation was calculated;

- All reasons Defendants have or will assert, if any, for Defendants' failure to pay Plaintiffs and similarly-situated individuals overtime, including any claimed exemptions and the factual basis thereof;

- All of Defendants' employment policies or practices governing the rights and responsibilities of employees, including Defendants' policies on employee absences, sick leave, disciplinary penalties, incentive pay, and scheduling;

- All Defendants' methods of recording the hours worked by their employees, including but not limited to the PeopleNet system, and all records produced by these methods;

- The names, last known residence addresses and business addresses, telephone numbers, dates of employment, and job titles of all employees of Defendants who participated in creating, updating, or maintaining records of the hours worked by Defendants' employees;

- All documents in the possession of any Defendant which contain evidence of items 1 through 6 above.

Plaintiffs request that discovery be limited to a reasonable number of representative Plaintiffs. Plaintiffs will not oppose bifurcation of liability and damages, if the Court will agree that the Court's ruling on the Class Motion and the mailing of notice shall occur at the earliest possible time and shall not be affected by the Court's decision on bifurcation.

## Defendants' Position

Defendants contend that, in the interest of judicial efficiency, discovery in this matter should be bifurcated into liability-related discovery and damages-related discovery. The liability-related discovery would be limited to the narrow issue of whether the named Plaintiffs are exempt from FLSA overtime requirements under the Motor Carrier Act, following which Defendants would file a summary judgment motion addressing the issue of whether Plaintiffs' claims are bared under the Motor Carrier Act exemption.

If the Motion is granted, the parties and the Court would have conserved significant time and resources. If the Motion is denied, the parties would then proceed to damages-related discovery. Accordingly, Defendants seek the following discovery schedule:

1.  Liability Phase Discovery: **October 3, 2008**
2.  Liability Phase Pretrial Motions, including dispositive motions: **November 7, 2008**.

Additional discovery would otherwise be stayed until the Court's ruling on Defendants' summary judgment motion. Under their proposed discovery schedule, Defendants are willing to agree to have the Court equitably toll the statute of limitations for Plaintiffs and putative collective action members until such time as the Court has ruled on Defendants' summary judgment motion.

Defendants propose the following damages-related discovery schedule, in the event that Defendants' summary judgment motion on liability is denied:

1.    Damages Phase Discovery: to be completed within 120 days following the Court's ruling on Defendants' summary judgment motion.

2.    Damages Phase Pretrial Motions, including dispositive motions: to be completed within 150 days following the Court's ruling on dispositive motions.

Defendants do not agree to limit discovery to less than all Plaintiffs.

**b) Unopposed Discovery Dates**

1.    Plaintiffs anticipate they may send interrogatories to the Defendants on or before September 10, 2008.

2.    Defendants anticipate, under the proposed bifurcated discovery plan, they may send liability-related interrogatories to Plaintiffs on or before August 1, 2008.

3.    Plaintiffs anticipates taking oral depositions of Defendant's corporate representatives and other witnesses identified in disclosures by November 20, 2008.

4.    Under Defendants' proposed bifurcated discovery plan, Defendants anticipate taking the oral deposition of the named Plaintiff and any consenting parties and other witnesses identified in disclosures on liability-related issues on or before October 3, 2008.

5.    Plaintiffs will designate experts and provide the reports by September 3, 2008. Defendants will be able to designate experts and provide the reports by October 3, 2008.  Should Defendants find it necessary to designate experts on matters on which it has the burden of proof, counsel will confer and devise a mutually agreeable schedule for the designation of these experts.

6.    Plaintiffs anticipate taking the deposition any expert that Defendants designate within 30 days' receipt of Defendants' expert report.

7.    Defendants anticipate taking the deposition any expert that Plaintiffs designates within 30 days' receipt of Plaintiffs' expert report.

Respectfully submitted,

Date: July 3, 2008
By:
David M. Glenn
Texas Bar Number: 08028350
GLENN LAW FIRM
210 W. Wall Street
Grapevine, Texas 76051
Telephone: (817) 424-5999
Facsimile: (817) 481-3240
T. Michael Kennedy
Texas Bar Number: 24014809
T. MICHAEL KENNEDY, P.C.
210 West Wall Street
Grapevine, Texas 76051
Telephone:     (817) 424-5888
Facsimile:     (817) 424-5889
Trang Q. Tran
State Bar Number: 00795787
Andrew H. Iwata
State Bar Number: 24048568
TRAN LAW FIRM L.L.P.
3050 Post Oak Blvd, Suite 1720
Houston, TX 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

**ATTORNEYS FOR PLAINTIFFS**

Date: July 3, 2008
By: _____
Kevin  M. Duddlesten
State Bar Number: 00793644
Jeremy W. Hawpe
State Bar Number: 24046041
Kim Rives Miers
State Bar Number: 24041482
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Ste.1500, Lock Box 116
Dallas, Texas   75201
Phone:  (214) 880-8100
Facsimile: (214) 880-0181

R. Shawn Oller
State Bar Number: 00794399
LITTLER MENDELSON, P.C.

R. Shawn Oller
State Bar Number: 00794399
LITTLER MENDELSON, P.C.
2425 E. Camelback Road, #900
Phoenix, AZ 85016
Phone: (602) 474-3600
Facsimile: (602) 926-8757

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on Defendants on July 3, 2008, by the means indicated below:

_____
Signature

*(Via facsimile at 214-880-0181 and via First Class Mail)*
Kevin M. Duddlesten
Jeremy W. Hawpe
Kimberly Rives Miers
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500, Lock Box 116
Dallas, Texas 75201

*(Via facsimile at 602-926-8757 and First Class Mail)*
R. Shawn Oller
LITTLER MENDELSON, P.C.
2425 E. Camelback Road, #900
Phoenix, AZ 85016

**ATTORNEYS FOR DEFENDANTS**

Firmwide:85737748.1 058326.1004

C:\NrPortbl\Firmwide\KDUDDLESTEN\85707440_1.doc

8