U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 24 2008
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAYMOND KEITH SONGER, ET AL., | § | |
| Plaintiffs, | § § § | |
| VS. | § | NO. 4:08-CV-319-A |
| DILLON RESOURCES, INC., ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

On June 9, 2008, plaintiffs filed their motion for notice to potential class members and motion to toll the statute of limitations. On June 30, 2008, defendants, Dillon Resources, Inc., Sunset Logistics, Inc., Mike Hill, and Rick Gibson, filed their response, and plaintiffs timely filed their reply. Having considered the motion, response, reply, and applicable authorities, the court has concluded that the motions should be denied.

I.

Plaintiffs' Claims and the Motions

Plaintiffs are twenty-four individuals[1], employed by defendants as truck drivers, who filed the underlying action

---

[1] This action was initially commenced by the twenty-four named plaintiffs. During the pendency of plaintiffs' motion, one additional employee, Felix Vasquez, joined the litigation, for a total of twenty-five plaintiffs.

seeking compensation for allegedly unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). Plaintiffs ask this court to conditionally certify this action pursuant to 29 U.S.C. § 216(b) and approve notice to be sent to all individuals employed by defendants as truck drivers from April 29, 2005, to the present. Plaintiffs further ask the court to toll the limitations period while their motions are pending.[2]

In their motion for notice, plaintiffs allege they worked more than forty hours per week but were not paid for hours worked over forty at one and one-half times their regular hourly rate as required by the FLSA. Plaintiffs further allege that "company policy encourages working unpaid overtime by imposing financial penalties for failure to complete all assigned deliveries each day." Pls. Mot. at 3. The "penalties" include allegedly failing to pay bonuses, or failing to pay a flat-rate guarantee for weeks when there is no work, when a driver fails to complete all assigned deliveries on time. In support of their motion, plaintiffs have submitted five affidavits from current and former employees/plaintiffs.

Defendants counter that plaintiffs' pleadings and boilerplate affidavits fail to show any direct or first-hand

---

[2]While the statute of limitations on FLSA claims is generally two years, the statute provides a three year limitations period for willful violations. 29 U.S.C. § 255(a).

2

knowledge of any company-wide practices, aside from their own individual circumstances, and thus have failed to allege class-wide wrongdoing required to warrant conditional certification. Defendants further contend that because each of the plaintiffs, at some time during their employment with defendants, may have been eligible for the Motor Carrier Exemption under 29 U.S.C. § 207, conditional certification is inappropriate due to the individualized nature of the claims and defenses at issue. Defendants oppose tolling the limitations period.

II.

Applicable Legal Standards

Section 16(b) of the FLSA provides that a person may maintain an action

> in behalf of himself. . . . and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). An action brought pursuant to this provision, also called a collective or representative action, follows an "opt-in" rather than an "opt-out" procedure. See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995), overruled on other grounds by Desert Palace v. Costa, 539 U.S. 90 (2003).[3]

---

[3]Although Mooney was an action brought under the Age Discrimination in Employment Act, its reasoning applies in FLSA cases because the ADEA

3

District courts have the discretion, in an appropriate case, to implement the collective action procedure by facilitating notice to potential plaintiffs, but notice is by no means mandatory. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). The court should conditionally certify a class and order notice only if putative class members are "similarly situated" with the named plaintiffs. See Mooney, 54 F.3d at 1213-14; O'Donnell v. Robert Half Int'l, Inc., 534 F. Supp.2d 173, 177 (D. Mass 2008).

In Mooney, the Fifth Circuit reviewed two methodologies courts have used in answering the "similarly situated" inquiry. The first methodology is a "two-stage class certification," originally described in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987). Under the Lusardi methodology, "the trial court approaches the 'similarly situated' inquiry via a two-step analysis." Mooney, 54 F.3d at 1213. The first determination is made at the "notice" stage, where

> the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and

---

explicitly incorporates § 16(b) of the FLSA. See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995), overruled on other grounds by Desert Palace v. Costa, 539 U.S. 90 (2003).

> the opportunity to 'opt-in.' The action then proceeds as a representative action throughout discovery. The second determination is typically precipitated by a motion for decertification by the defendant. . . . If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.

Id. at 1213-14 (internal footnotes, quotations, and citations omitted).

The second methodology is typified by Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990). This approach adopts the view that the "similarly situated" inquiry is coextensive with Rule 23 class certification.

The Fifth Circuit has never specifically endorsed either methodology. However, in LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975), the Fifth Circuit found a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)" because class actions under Rule 23 are "opt-out," while those under § 16(b) are "opt-in." Id. at 288. The court stated that "[i]t is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits." Id. Because the parties have briefed the matter using the Lusardi methodology, the court will also apply that analysis. However, the outcome would remain the same regardless of the methodology used.

5

III.

Analysis

In determining whether to grant conditional certification at the notice stage, the court must determine whether plaintiffs have met their burden to show that there are other employees "who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach v. Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991). While the plaintiffs' burden at this stage is not onerous, neither is it invisible. Parker v. Rowland Express, Inc., 492 F. Supp.2d 1159, 1164 (D. Minn. 2007). In deciding whether plaintiffs have met their burden, the court "is mindful that it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation." Lentz v. Spanky's Rest. II, Inc., 491 F. Supp.2d 663, 669 (N.D. Tex. 2007)(internal citations omitted). "Further, employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense[]." Id. (internal citations and quotations omitted).

At the initial notice stage, plaintiffs must provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." H & R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999)(quoting Mooney, 54 F.3d at 1214

n.8). In making this determination, courts have considered such factors as "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." <u>Id</u>. (internal citations omitted).

Here, plaintiffs' allegations can hardly be considered substantial. In support of their motion, plaintiffs have submitted affidavits from five of the named plaintiffs. The affidavits are virtually identical, and contain primarily conclusory allegations unsupported by any factual assertions demonstrating the basis of the affiants' knowledge. For example, each of the five affidavits makes the following statements:

> All drivers for Sunset and Dillon are working overtime because anyone who fails to complete an assigned delivery will lose his minimum guarantee in a later week where there is no work.

Pls. Mot. pp. 3, 7, 12, 18, 22.

> At no time has the company ever converted the drivers' pay per load into a regular hourly rate, and then paid for the hours in excess of forty (40) at one and a half times this rate.

<u>Id.</u> The affidavits contain nothing to establish that the plaintiffs have personal knowledge of those matters as they pertain to any other driver. Stated differently, while the affidavits may offer support for an individual employee's FLSA claim against the defendants, they are not evidence of a

"widespread discriminatory plan." See Lentz, 491 F. Supp.2d at 669 (plaintiff's only evidence of other similarly situated employees was his affidavit containing conclusory allegations); Housdon, 186 F.R.D. at 400 (denying plaintiff's motion for certification in part because plaintiff only submitted affidavits making conclusory allegations of similarly situated potential plaintiffs).

Before conditionally certifying a class and authorizing notice to potential plaintiffs, the court must also satisfy itself that there are other similarly situated employees of defendants who desire to opt-in to the litigation. See Dybach, 942 F.2d at 1567; Lentz, 491 F. Supp.2d at 669. Although three of the affidavits stated that approximately forty to fifty current or former employees of defendants' Waxahachie terminal had job duties similar to the plaintiffs and had also not been paid overtime pay, the affidavits identify only three additional potential plaintiffs.[4] Of the three identified, only one has opted in to the action. Plaintiffs presented no evidence to show that either of the other named prospective plaintiffs, or any of the other forty to fifty employees at the Waxahachie terminal,

---

[4] The affidavits identify three employees as potential plaintiffs: Fred Gantt; Felix Vasquez, who has subsequently opted in; and Richard Lopez.

would actually opt in given the opportunity.[5] See Lentz, 491 F. Supp.2d at 669; Housdon, 186 F.R.D. at 400; O'Donnell, 534 F. Supp.2d at 179 ("[p]laintiffs must present information, i.e., more than speculation or bald assertions by the plaintiffs, that putative class members are interested in joining the suit.").

Because the court finds plaintiffs have not sustained their burden to warrant conditional certification and notice to potential class members, the court does not reach defendants' argument concerning the motor carrier exemption.

IV.

Order

Therefore,

The court ORDERS that plaintiffs' motion for notice to potential class members and motion for tolling the statute of limitations be, and are hereby, denied.

SIGNED July 24, 2008.

_____
JOHN McBRYDE
United States District Judge

---

[5]The twenty-four original plaintiffs plus the additional opt-in plaintiff all joined this suit without any assistance from, or intervention by, this court. Plaintiffs' affidavits submitted in support of their motion, stating forty to fifty additional employees may desire to join the suit and naming three potential plaintiffs, are dated May 19 and 20, 2008. Yet over two months later, only one additional employee has opted in to the suit.